**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| CASSANDRA RODRIGUEZ and SHIRLEY RIVERA, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO.  4:20-cv-783 JURY REQUESTED |
| AVECTUS HEALTHCARE SOLUTIONS, LLC, | § § § | |
| Defendant. | § § § | |

**<u>DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and for the sole purpose of removing this matter, Defendant Avectus Healthcare Solutions, LLC ("Defendant") hereby gives notice of the removal of the above-captioned action from the District Court in Hidalgo County to the United States District Court for the Southern District of Texas, and as grounds for removal of it, states:

## I.  <u>Introduction</u>

1.     Plaintiffs are Cassandra Rodriguez and Shirley Rivera ("Plaintiffs"); Defendant is Avectus Healthcare Solutions, LLC.

2.     Plaintiffs filed this action against *this* Defendant in the District Court of Hidalgo County on or about January 27, 2020.

3.     Defendant's registered agent was served on February 3, 2020.

4.     Defendant filed its answer on February 28, 2020.

5.     Plaintiffs, Cassandra Rodriguez and Shirley Rivera and Defendant, Avectus Healthcare Solutions are the only parties to this lawsuit.

## II. Compliance with Procedural Requirements for Removal

6.      Venue is proper in this district and division because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The state court where the suit has been pending is Hidalgo County, which falls under the McAllen Division of the Southern District.  28 U.S.C. § 124(c)(1).

7.      Defendant files with this removal the following documents:

A.  An index of matters being filed is attached as Exhibit 1.

B.  A copy of the pleadings that assert causes of action are attached as Exhibits 2a and 2b.

C.  A copy of the only executed process served on Avectus and then filed with the state court, is attached as Exhibit 3.

D.  A copy of the answers to pleadings asserting causes of action are attached as Exhibits 4a and 4b.

E.  A copy of Avectus's Jury Demand is attached as Exhibit 5.

F.  The docket sheet is attached as Exhibit 6; and,

G.  A list of all counsel of record, including addresses, telephone numbers and parties represented, is attached as Exhibit 7.

## III. Basis for Diversity Jurisdiction

8.      This action is one in which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28 U.S.C. § 1441.  As shown below, this is a civil action in which, for purposes of federal diversity jurisdiction, the Plaintiffs are citizens of the State of Texas, the Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, removal is proper in this case.

**A. Plaintiffs and Avectus are the Only Parties to this Lawsuit**

9. In Plaintiffs' First Amended Petition, Plaintiffs and the Defendant are the only parties to this lawsuit. *See* Plaintiff's First Amended Petition, attached as <u>Exhibit 2b</u>, Plaintiffs nonsuited the original defendants by eliminating those defendants and all claims against them in Plaintiffs' Amended Petition.

10. In civil cases generally, filing an amended petition that omits a prior cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed. *See FKM P'ship Ltd. v. Board of Regents of Univ. of Houston Sys.*, 255 S.W.3d 610, 623. (Tex. 2008); see also, Tex. R. Civ. Pro. 65. No hearing is necessary to effect this nonsuit, so causes of action not contained in the amended pleadings are effectively dismissed at the time the amended pleading is filed. *Id.* at pp. 622-633.

11. Defendants omitted in an amended petition are likewise voluntarily nonsuited at the time the petition is filed. *Spellman v. Love*, 534 S.W.3d 685, 690 (Tex. App.-Corpus Christi 2017, pet. denied.

12. This is consistent with Texas Rule of Civil Procedure 65:

> Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation…"

Tex. R. Civ. P. 65.

13. Thus, there are no parties from whom consent to remove is required, because previous defendants have all been nonsuited.

**B. Complete Diversity of Citizenship Exists Between Plaintiffs and Avectus**

### i.    Plaintiffs are Citizens of Texas

14.    Plaintiffs are citizens of Texas for diversity purposes. The Petition alleges that Plaintiffs are residents of Cameron County, Texas. *See* Exhibit 2b, p. 1, ¶ 2.   For diversity purposes, a Plaintiff is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A Plaintiff's domicile, in turn, is the place she resides, with the intention to remain residing there. *Kanter v. Warner Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Because Plaintiffs alleges that they residents of Cameron County, Texas, they are thus citizens of Texas for diversity purposes under 28 U.S.C. § 1332(a)(1).

### ii.   Avectus Healthcare Solutions, LLC is a Citizen of Delaware and Mississippi

15.    Defendant is a not a citizen of Texas for diversity purposes. Although Plaintiffs' Petition alleges, inaccurately, that Defendant Avectus Healthcare Solutions, LLC is a domestic corporation, Counsel for Defendant Roger Nebel testifies that, based on personal knowledge from having represented Avectus in state courts across Texas for several years, that Avectus Healthcare Solutions, LLC is a Delaware corporation whose principal place of business is in Mississippi. *See also* Affidavit of Roger Nebel in Support of Avectus. *See . See* Affidavit of Roger Nebel in Support of Avectus Healthcare Solutions, LLC's Notice of Removal, filed separately pursuant to LR81 and incorporated by reference.

16.    Defendant is thus a citizen of Delaware and of Mississippi for purposes of diversity jurisdiction, and it is not a citizen of Texas.  There is, therefore, complete diversity of citizenship between Plaintiffs and Defendant, the only parties in this matter.  *See* 28 U.S.C. § 1332.

**C.  Amount in Controversy**

17.    To determine the amount in controversy, courts first examine the petition to determine "whether it is facially apparent that the claims exceed the jurisdictional amount." *Hartford Insurance Grp. v. Lou-Con, Inc*., 293 F. 3d 908, 910 (5th Cir. 2002)

18.    Plaintiffs' First Amended Petition asserts a cause of action for "Suit for Declaratory Judgment". *Id*. at  ¶ ¶  13-14.  In an action for declaratory relief, the amount in controversy is the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983).  This has also been characterized as "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Insurance Grp.*, 293 F. 3d 911(citing *Leininger*, 705 F.2d at 729 ).

19.    Plaintiffs' First Amended Petition also pleads that "Defendant filed its lien alleging to be owed over $ 85,174.09." *See* Exhibit 2, ¶ 11.  Without agreeing with Plaintiffs' characterization, Plaintiffs petition on its face asserts that the value of the right to be protected, the extent of the injury to be prevented, or the value of the litigation thus exceeds $75,000. *Id.*

20.    Additionally, plaintiffs plead another cause of action entitling each of them to $10,000 as well as attorneys' fees in statutory damages.  *Id.* at  ¶ ¶ , 12 and 18, and their Prayer.

21.    Plaintiffs' pleadings facially assert that the matter in controversy between the parties exceeds $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cr. 1998).  *See also* Tex. R. Civ. P. 47; 28 U.S.C. § 1332(a).

22.    If the Court is not convinced that Plaintiffs' *Petition* alleges damages in excess of the jurisdictional limits on its face, Defendant asks leave of the Court to conduct discovery permitted by law to support its assertion and require Plaintiffs to establish as a matter of law that,

if successful, he would not be able to recover more than $75,000. *De Aguilar v. Boeing*, 47 F.3d 1404, 1410-11 (5th Cir. 1995).

## IV.      Timeliness of Notice of Removal

23.      Defendant Avectus Healthcare Solutions, LLC was served with the Summons and Complaint on February 3, 2020, within 30 days prior to Avectus's filing its notices of removal. *See* executed process of service served on Avectus, and subsequently filed with the state court, attached as Exhibit 3.  The removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

## V.      Notice to State Court

24.       Pursuant to 28 U.S.C. § 1446(d),  Defendant is contemporaneously filing a copy of this Notice of Removal with the County Court at Law No. 1 Court for Hidalgo County, and is serving copies of the Notices of Removal on Plaintiffs, the only other parties to Plaintiffs' First Amended Petition.

## VI.      Jury Request

25.      Defendant demanded a jury in state court and hereby reasserts a jury in this removed action.  *See* Defendant Avectus Healthcare Solutions, LLC's Jury Demand, attached as Exhibit 5.

## VII.      Relief Requested

26.      Defendant Avectus Healthcare Solutions, LLC requests that the United States District Court for the Southern District of Texas assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

By: _____

ROGER H. NEBEL
State Bar No. 90001973
Federal Admission No. 32458
Maron Marvel Bradley Anderson & Tardy LLC
1235 North Loop West, Suite 1106
Houston, Texas 77008
Telephone: (713) 659-0002
Facsimile: (713) 574-2403
Email: HoustonEservice@maronmarvel.com

**ATTORNEY FOR DEFENDANT
AVECTUS HEALTHCARE SOLUTIONS, LLC**

Of Counsel:

Maron Marvel Bradley Anderson & Tardy, LLC
1235 North Loop West, Suite 1106
Houston, Texas 77008
Telephone: (713) 659-0002
Facsimile: (713) 574-2403
Email: HoustonEservice@maronmarvel.com

## CERTIFICATE OF SERVICE

This certifies that I served a true and correct copy of the foregoing on all counsel of record via mail and/or hand delivery, in accordance with the Federal Rules of Civil Procedure on March 4, 2020.

_____

Roger Nebel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **CASSANDRA RODRIGUEZ and** | § | |
| **SHIRLEY RIVERA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  4:20-cv-783** |
| | § | |
| **AVECTUS HEALTHCARE** | § | |
| **SOLUTIONS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED

A.  Exhibit 1: Index of Matters being Filed;

B.  Exhibits 2a and 2b: Plaintiff's Original Petition and First Set of Discovery Requests to Defendant; Plaintiff's First Amended Petition;

C.  Exhibit 3: Executed Citations Served on Avectus Healthcare Solutions, LLC.

D.  Exhibit 4a and 4b: Defendant's Original Answer; Defendant Avectus Healthcare Solutions, LLC's Motion to Transfer Venue and Verified Answer to Plaintiff's First Amended Petition;

E.  Exhibit 5: Defendant Avectus Healthcare Solutions, LLC's Jury Demand;

F.  Exhibit 6: Docket Sheet from the Hidalgo County Court; and,

G.  Exhibit 7: List of All Counsel of Record.

Exhibit 1

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

CAUSE NO. _____

| | | |
|---|---|---|
| MATTHEW YANEZ, CASSANDRA | § | IN THE COUNTY COURT |
| RODRIGUEZ AND SHIRLEY RIVERA | § | |
| *PLAINTIFFS,* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| JENNIFER NICOLE ALVARADO | § | |
| *DEFENDANT.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

To The Honorable Judge of This Court:

*Come Now* Plaintiffs, Matthew Yanez, Cassandra Rodriguez and Shirley Rivera, complaining of and about Defendant, Jennifer Nicole Alvarado, and for causes of action file this Original Petition and First Set of Discovery Requests to Defendant. In support, Plaintiffs would respectfully show this Honorable Court the following:

### A. Discovery Control Plan

1.1     Plaintiffs intend to conduct discovery under Level 1 of the Tex. R. Civ. P., as provided for in Tex. R. Civ. P. 169 for expedited trials.

### B. Parties and Service

2.1     Plaintiffs are individuals residing in Cameron County, Texas.

2.2     Defendant Jennifer Nicole Alvarado, is an individual who resides in Weslaco, Hidalgo County, Texas. Defendant may be served with process at, 3914 Borg Dr., Weslaco, Texas 78599. Plaintiffs request citation at this time and will serve Defendant through a private civil process server.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

## C. Jurisdiction and Venue

3.1     This Court has subject matter jurisdiction over this action because Plaintiffs seek unliquidated damages in an amount within this Court's jurisdictional limits.

3.2     Venue is proper in Hidalgo County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002(a)(2) because Defendant Jennifer Nicole Alvarado resided in Hidalgo County, Texas at the time the cause of action accrued.

## D. Facts

4.1     On or about January 22, 2019, Plaintiffs suffered personal injuries and other damages when the vehicle in which they were riding was struck by a vehicle operated by Defendant Jennifer Nicole Alvarado.

## E. Causes of Action

### Count One - Negligence as to Defendant Jennifer Nicole Alvarado

5.1     At the time of the collision, Defendant Jennifer Nicole Alvarado was operating her vehicle negligently. Defendant had a duty to exercise ordinary care and operate her vehicle as a reasonable and prudent driver would under the same or similar circumstances.  Defendant breached that duty in one or more of the following ways:

   a.     Failing to control her speed; and/or

   b.     Failing to maintain a proper lookout; and/or

   c.     Failing to properly apply her brakes; and/or

   d.     Failing to yield the right of way; and/or

   e.     Following too closely; and/or

   f.     Disregarding a stop sign or light

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

g.    Driver inattention.

Defendant Jennifer Nicole Alvarado's negligence proximately caused Plaintiffs' injuries and other damages.

### F.  Damages and Texas Rule of Civil Procedure 47(c) Disclosure

6.1    Plaintiffs seek unliquidated damages in an aggregate amount that is within the jurisdictional limits of the Court.  Pursuant to Texas Rules of Civil Procedure, Plaintiffs seek monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees.

### G. Conditions Precedent

7.1    All conditions precedent have been performed or have otherwise occurred.

### H. Request for Disclosure

8.1    Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant discloses the information or material described in Rule 194.2(a) through (*l*) within fifty (50) days of the service of this Plaintiffs' Original Petition and First Set of Discovery Requests to Defendant.

### I. Discovery Requests

9.1    Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Defendant serves responses to the attached First Set of Interrogatories, Requests for Production and Requests for Admissions within fifty (50) days of the service of this Plaintiffs' Original Petition and First Set of Discovery Requests to Defendant.

### J. Notice of Intent to Rely on Documents Produced

10.1    Under Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give Defendant

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

notice that any documents, materials or tangible items produced by Defendant in the course of discovery of this cause may be used against Defendant at trial, and such, as produced by Defendant, is self-authenticated unless otherwise objected to by Defendant as to the documents or materials authenticity.

## Prayer

*Wherefore, premises considered,* Plaintiffs respectfully pray that Defendant be cited to appear and answer this suit, and that Plaintiffs ultimately have judgment against Defendant for the following:

a.    Physical pain in the past and future;

b.    Mental anguish in the past and future;

c.    Physical impairment in the past and future;

d.    Medical expenses in the past and future;

e.    Lost wages;

f.    Lost earning capacity in the past and future;

g.    Property damage including diminished value and/or loss of use;

h.    Costs of suit;

i.    Pre-judgment and post-judgment interest; and

j.    All other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

Respectfully submitted,

**THE GREEN LAW FIRM, P.C.**
34 S. Coria St.
Brownsville, Texas 78520
Telephone    :  (956) 542-7000
Facsimile    :  (956) 542-7026
jorge@thegreenlawfirm.com
letygarza@thegreenlawfirm.com

By: /s/ Jorge A. Green
      JORGE A. GREEN
      State Bar No. 24038023
      LETICIA GARZA
      State Bar No. 24092405

*ATTORNEYS FOR PLAINTIFFS*

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

## Plaintiffs' First Set of Discovery Requests to Defendant

### A. Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### B. Definitions

The following definitions have the following meanings, unless the context requires otherwise:

1.  "Plaintiff" or "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.  "You" or "your" means Defendant, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions and subsidiaries.

3.  "Document" means all written, typed or printed matter and all magnetic, electronic or other records or documentation of any kind or description in your actual possession, custody, control, including those in possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars,

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, logs, worksheets, etc.

4.    "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs, operating systems, computer activity logs, programming notes or instructions, email receipts, messages, or transmissions, output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines, metadata, PIF and PDF files, batch files, deleted files, temporary files, internet or web-browser generated information stored in textual, graphic or audio format, including history files, cookies or caches, and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage medica, such as hard drives, floppy disks, CD-ROMS, DVDS, tapes, smart cards, USB storage devices, removable media. Electronic or magnetic data also includes the file, folder, tabs, container and labels attached to or associated with any physical storage device with each original or copy.

5.    "Possession, custody or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.    "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business or legal entity and all predecessors or successors in interest.

7.    "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie or any combination of these devices.

8.    "Identify" or "describe" when referring to a person, means you must state the following:

      A.    The full name.

      B.    The present or last known residential address and residential telephone number.

      C.    The present and last known office address and office telephone number.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

D. The occupation, job title, employer and employer's address at the time of the event or period referred to in each particular interrogatory.

E. In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

9. "Identify" or "describe" when referring to a document, means you must state the following:

A. The nature of the document–e.g., letter, handwritten note, typed

B. The title or heading that appears on the document.

C. The date of the document and the date of each addendum, supplement or other addition or change.

D. The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

E. The present location of the document and the name, address, position or title and telephone number of the person or persons having custody of the document.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

## C. Standard Interrogatories

**Interrogatory #1:**
Describe how the collision occurred, including: (1) what you contend caused or contributed to the collision, (2) how it happened, (3) the road and weather conditions, and (4) the traffic conditions.

**Answer:**

**Interrogatory #2:**
Please state the purpose of your trip at the time of the collision, including where you had been, where you were going, and the time at which you were supposed to arrive at your destination.

**Answer:**

**Interrogatory #3:**
Please state when you first saw or became aware of Plaintiffs' vehicle. Please state your answer in both distance (feet or meters) and time (seconds or minutes).

**Answer:**

**Interrogatory #4:**
Have you ever been sued or filed a lawsuit within the last 10 years? If so, please state (1) what the suit was about, (2) the county and state in which it was filed, (3) the style of the case, and (4) the disposition of the case, if resolved.

**Answer:**

**Interrogatory #5:**
Describe any previous car wrecks in which you have been involved within the last 10 years. For each, please state (1) where the wreck happened, (2) who you believe was at fault, (3) whether a lawsuit was filed and (4) where you sought medical treatment for any injuries you sustained.

**Answer:**

**Interrogatory #6:**
Were you using a cell phone in any matter, including making or receiving a call, writing or reading a text message, or writing or reading an email, at the time of the collision?

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

**Answer:**


**Interrogatory #7:**
If you have been convicted of a felony or crime of moral turpitude in the last ten years, state the charge, the date and place of arrest, and county of conviction.

**Answer:**

**Interrogatory #8:**
Do you disagree with anything in the investigating officer's police report?  If so, please state with what parts you disagree and why you disagree with them.

**Answer:**

**Interrogatory #9:**
At what speed do you believe the vehicles involved were traveling immediately prior to the collision made the basis of this lawsuit?

**Answer:**

**Interrogatory #10:**
Describe in detail any and all conversations you had immediately following the collision until the time you left the scene.  In your answer, please include: (1) with whom you spoke, (2) what the conversation was about, and (3) for about how long you spoke with each person.

**Answer:**

**Interrogatory #11:**
Please state any medications, illicit drugs, or alcohol that you consumed on the date of the collision, including the amount and time of consumption.

**Answer:**

**Interrogatory #12:**
Describe the severity of the impact between the vehicles and the resulting visible damage to the vehicles.

**Answer:**

**Interrogatory #13:**
Do you contend Plaintiff contributed in any way to the collision that forms the basis of this lawsuit?  If so, please state the facts that you believe support your contention.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

**Answer:**

**Interrogatory #14:**
Did you take any photographs of the scene of the collision (including skid marks), <u>any</u> (including your own) of the vehicles involved and/or any of the people involved? If so, please provide these photographs in response to Request for Production Number One. If you no longer have such photographs, please state on what type of device (phone, camera, tablet) they were taken and what happened to them.

**Answer:**

**CL-19-2768-A**

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

## Plaintiffs' First Set of Requests for Production to Defendant

### A. Instructions

1.    Answer each request for documents separately by listing the documents and by describing them as defined below.  If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document number.

2.    For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### B. Definitions

The following definitions have the following meanings, unless the context requires otherwise:

1.    "Plaintiff" or "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.    "You" or "your" means Defendant, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions and subsidiaries.

3.    "Document" means all written, typed or printed matter and all magnetic, electronic or other records or documentation of any kind or description in your actual possession, custody, control, including those in possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, logs, worksheets, etc.

4.  "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs, operating systems, computer activity logs, programming notes or instructions, email receipts, messages, or transmissions, output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines, metadata, PIF and PDF files, batch files, deleted files, temporary files, internet or web-browser generated information stored in textual, graphic or audio format, including history files, cookies or caches, and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage medica, such as hard drives, floppy disks, CD-ROMS, DVDS, tapes, smart cards, USB storage devices, removable media. Electronic or magnetic data also includes the file, folder, tabs, container and labels attached to or associated with any physical storage device with each original or copy.

5.  "Possession, custody or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business or legal entity and all predecessors or successors in interest.

7.  "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie or any combination of these devices.

8.  "Identify" or "describe" when referring to a person, means you must state the following:

    A.  The full name.

    B.  The present or last known residential address and residential telephone number.

    C.  The present and last known office address and office telephone number.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

D.    The occupation, job title, employer and employer's address at the time of the event or period referred to in each particular interrogatory.

E.    In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

9.    "Identify" or "describe" when referring to a document, means you must state the following:

A.    The nature of the document–e.g., letter, handwritten note, typed

B.    The title or heading that appears on the document.

C.    The date of the document and the date of each addendum, supplement or other addition or change.

D.    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

E.    The present location of the document and the name, address, position or title and telephone number of the person or persons having custody of the document.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

## C. Requests for Production to Defendant

**Request #1:**
All photographs by Defendant or Defendant's agent (including his insurance company) that relate to Plaintiffs' cause of action, including photographs of Plaintiff or Defendant, any of the vehicles involved in the collision, and/or the scene of the collision. If your insurance company conducted or opened a separate property damage claim that contains additional pictures of any of the vehicles involved in the collision, produce such photographs as well.

**Response:**

**Request #2:**
A copy of any property damage estimates for the vehicles involved, including Plaintiffs, Defendant, or any other vehicle involved.

**Response:**

**Request #3:**
Any social media or network postings (*e.g.*, Facebook, Instagram, Twitter, etc.) that Defendant made that relate to or discuss the collision that forms the basis of this lawsuit, the lawsuit itself or Defendant.

**Response:**

**Request #4:**
Please produce all documents that Defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which Defendant, either in your personal capacity or on behalf of a minor or incompetent plaintiffs, has been involved.

**Response:**

**Request #5:**
If and/or when an expert is retained by Defendant, please produce a copy of the expert's file, including: (1) all correspondence, including fee arrangements, between the expert and Defendant and/or Defendant's agents, including Defendant's attorney, (2) all materials and

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

documents reviewed by the expert in preparing his or her report, (3) any slide-show, power point presentation, or other demonstrative evidence the expert will use at trial, and (4) a list of all the cases in which the expert has testified in the last 4 years.
**Response:**

**Request #6:**
Please provide a copy of any and all statutes, regulations, ordinances, or written rules or customs that Defendant intends to introduce at trial.

**Response:**

**Request #7:**
Please provide copies of any and all communications between Defendant and Defendant's insurance carrier.

**Response:**

**Request #8:**
Please execute the attached authorization for the release of Defendant's cellular phone records.

**Response:**

**Request #9:**
Please provide a copy of your driver's license in effect at the time of the collision.

**Response:**

**Request #10:**
Please provide copies of any and all medical records for treatment you have received following previous car wrecks.

**Response:**

**Request #11:**
Please provide a copy of all documents related to previous lawsuits in which you have been involved; specifically, please include (1) any and all petitions or complaints, (2) deposition transcripts of your testimony, and (3) your discovery responses.

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

**Response:**

**Request #12:**
Please provide a copy of any documents from any law enforcement agency–including traffic citations or other arrest documents that you received within two weeks following the collision that forms the basis of this lawsuit.

**Response:**

**CL-19-2768-A**

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

### Plaintiffs' Requests for Admissions to Defendant

1.    Admit you are familiar with the area in which the subject collision occurred.

**Response: Admit or Deny.**

2.    Admit that you have previously received treatment from a chiropractor.

**Response: Admit or Deny.**

3.    Admit that you have previously had an MRI performed on yourself.

**Response: Admit or Deny.**

4.    Admit you have suffered pain because of a car wreck.

**Response: Admit or Deny.**

5.    Admit you were driving a 2013 Red Chevrolet Cruze on January 22, 2019 when it was involved in a collision with Plaintiffs.

**Response: Admit or Deny.**

6.    Admit that you know of no other witnesses to the car crash.

**Response: Admit or Deny.**

7.    Admit that an immediate family member  has been injured in a car wreck before.

**Response: Admit or Deny.**

8.    Admit you received a citation for the collision that forms the basis of this lawsuit.

**Response: Admit or Deny.**

9.    Admit you plead guilty to the citation you received arising from the collision.

**Response: Admit or Deny.**

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

# VERIFICATION

THE STATE OF TEXAS                    §
                                      §
COUNTY OF _____           §


BEFORE ME, the undersigned authority, a notary public, on this day personally appeared **Jennifer Nicole Alvarado**  who being by me duly sworn on his/her oath, deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers to interrogatories; and every statement contained in the answers is within his/her knowledge, and is true and correct.


_____
**Jennifer Nicole Alvarado**


SUBSCRIBED AND SWORN TO BEFORE ME by the said **Jennifer Nicole Alvarado** on this the _____ day of _____, 2019, to certify which witness my hand and official seal.


_____
Notary Public, State of Texas


_____
Printed/typed name of Notary


My Commission Expires:


Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-2768-A

---

## AUTHORIZATION FOR WIRELESS COMMUNICATION DEVICE RECORDS

TO:_____   (Service Provider)

_____   (Address of Service Provider)

_____

RE:    **Jennifer Nicole Alvarado**

ACCOUNT NO._____

TELEPHONE NO._____ (if different from account number)

TIME PERIOD OF RECORDS REQUESTED: **January 22, 2019**

This is to authorize and direct the above named company who has issued, sold, rented, or leased any form of cellular, pager or other wireless communication device(s) and/or provided services to me, **Jennifer Nicole Alvarado,** to furnish the law firm of **The Green Law Firm, P.C.,** or any of its representatives, any and all billing and usage records related to the above account during the period indicated. Such records include, but are not limited to: detailed billing information, detailed call logs and/or calls placed and received (and the time of day or night and durations of the same), or any other information pertaining to the usage of my account during the time period referenced above. I hereby waive any privilege I have to said information.

Signed the _____ day of _____, 2019.

_____
**Jennifer Nicole Alvarado**

Records should be provided to:

**THE GREEN LAW FIRM, P.C.**
c/o Leticia Garza, Esq.
34 S. Coria Street
Brownsville, Texas 78520

Exhibit 2a

Electronically Submitted
5/21/2019 11:56 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-2768-A**

Telephone  : (956) 542-7000
Facsimile   : (956) 542-7026

Exhibit 2a

Electronically Submitted
1/27/2020 11:10 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CAUSE NO. CL-19-2768-A

| | | |
|---|---|---|
| CASSANDRA RODRIGUEZ AND | § | IN THE COUNTY COURT |
| SHIRLEY RIVERA | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| AVECTUS HEALTHCARE | § | |
| SOLUTIONS, LLC, D/B/A/ VALLEY | § | |
| BAPTIST MEDICAL CENTER | § | |
| DEFENDANT. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

To The Honorable Judge of This Court:

*COME NOW* Plaintiffs, Cassandra Rodriguez and Shirley Rivera, and file this

Original Petition, complaining of and about Defendant, Avectus Healthcare Solutions, LLC,

D/B/A/ Valley Baptist Medical Center, and for causes of action file this Plaintiffs' First

Amended Petition. In support thereof, Plaintiffs would respectfully show this Honorable

Court the following:

### I. Discovery

1.      Plaintiffs intend to conduct discovery under Level 1 of the TEX. R. CIV. P.

### II. Parties

2.      Plaintiffs are individuals who reside in Cameron County, Texas.

3.      Defendant Avectus Healthcare Solutions, LLC, D/B/A/ Valley Baptist

Medical Center is a domestic corporation that is doing business in Texas and is

registered with the Texas Secretary of State. Defendant may be served with process by

Exhibit 2b

Electronically Submitted
1/27/2020 11:10 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

serving its registered agent, CT Corporation System, located at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiffs request citation at this time and will serve Defendant through a private civil process server.

### III. Jurisdiction and Venue

4.    This Court has jurisdiction over this matter because Plaintiffs seek an aggregate amount of damages that is within the jurisdictional limits of this Court.

5.    Venue is proper in Cameron County, Texas under Chapter 15 of the Texas Civil Practice & Remedies Code because all or a substantial portion of the acts and/or omissions giving rise to Plaintiffs' cause of action occurred in Cameron County, Texas.

6.    This Court has *in personam* jurisdiction over the Defendant because, at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed, the Defendant was a resident of Texas, and/or was organized under the laws of Texas, and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas, and/or maintained a principal place of business in Texas, and/or maintained a registered agent in Texas, and/or was doing business in Texas, and/or solicited business in Texas from Texas residents, and/or marketed and advertised in Texas to Texas residents, and/or contracted in Texas with Texas residents, and/or committed torts in whole or in part in Texas, and/or recruited Texas residents for employment, and/or maintained continuous and systematic contacts with Texas, and/or is generally present in Texas, and/or otherwise has the requisite minimum contacts with Texas, have purposefully availed themselves of the privileges and protections of Texas law, and could reasonably expect to be sued in Texas.

Exhibit 2b

Electronically Submitted
1/27/2020 11:10 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

## IV. Damages

7.      Plaintiffs seek monetary relief not to exceed $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees.

## V. Facts

8.      On or about January 22, 2019, Plaintiffs suffered injuries when Jennifer Nicole Alvarado failed to yield the right away and struck the vehicle in which Plaintiffs were riding in.

9.      Plaintiffs subsequently received medical treatment at Valley Baptist Medical Center in Harlingen, Texas.

10.      On or about March 15, 2019, Defendant Avectus Healthcare Solutions, LLC, D/B/A/ Valley Baptist Medical Center, filed a hospital lien with the Cameron County clerk.

11.      Defendant filed its lien alleging to be owed over $ 85,174.09.

## VI. Causes of Action

### Count One: Fraudulent Lien Filing

12.      As described above, on March 15, 2019, Defendant filed a purported hospital lien with the Cameron County Clerk. This alleged lien was fraudulent on its face because the amount it alleged to be exceeded the usual and customary charges for the medical services provided. Moreover, the lien was filed with the intent to cause Plaintiffs financial injury. Defendant has therefore violated TEX. CIV. PRAC. & REM. CODE 12.002, and Plaintiffs are entitled to the damages available in that section.

Exhibit 2b

Electronically Submitted
1/27/2020 11:10 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

## Count Two: Suit for Declaratory Relief

13.   Under Tex. Civ. Prac. & Rem. Code Chapter 37, Plaintiffs request that this Court declare that (1) the purported lien filed by Defendant is fraudulent, (2) that Plaintiffs owe Defendant only an amount that is reasonable for the services and medical treatment rendered–reflected by the amount sworn to in their affidavit, and (3) that by failing to release the lien they are asserting legal rights to which they do not have.

14.   Because Plaintiffs have used their attorneys' time and resources in the prosecution of this cause, an award of reasonable and necessary attorneys' fees is equitable and just in light of Defendant's assertion of a fraudulent hospital lien, as provided in Chapter 12 of the Texas Civil Practice & Remedies Code.

## VII. Requests for Disclosure

15.   Plaintiffs hereby request that Defendant provide the material, documents and information requested in Tex. R. Civ. P. 194.2(a) through (l).

## VIII.  Notice of Intent to Rely on Documents Produced

16.   Defendant is hereby placed on actual notice of Plaintiffs' intent to rely upon and to utilize any and all documents produced or incorporated by reference by Defendant in response to written discovery pursuant to Rule 193.7 of the Texas Rule of Civil Procedure.

## IX.  Conditions Precedent

17.   All conditions precedent have been performed or have otherwise occurred.

## X. Attorneys' Fees

18.   Plaintiffs seek reasonable and necessary attorneys' fees as allowed under

Exhibit 2b

Electronically Submitted
1/27/2020 11:10 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

Chapters 12 and 37 of the Texas Civil Practice & Remedies Code.

## Prayer

*Wherefore, premises considered,* Plaintiffs respectfully pray that Defendant be cited to appear and answer this lawsuit, and that Plaintiffs ultimately have judgment against Defendant for the following:

(1)     Statutory damages in the amount of $10,000.00;

(2)     Costs of suit;

(3)     Reasonable and necessary attorneys' fees; and

(4)     Pre and post-judgment interest.

Plaintiffs further seek a judicial declaration that Defendant's purported hospital lien is invalid and fraudulent.

Respectfully submitted,

**THE GREEN LAW FIRM, P.C.**
34 S. Coria St.
Brownsville, Texas 78520
Telephone    : (956) 542-7000
Facsimile    : (956) 542-7026
Jorge@thegreenlawfirm.com
letygarza@thegreenlawfirm.com

By: /s/ Jorge A. Green
JORGE A. GREEN
State Bar No. 24038023
LETICIA GARZA
State Bar No. 24092405

*ATTORNEYS FOR PLAINTIFFS*

Exhibit 2b

Electronically Submitted
2/6/2020 12:36 PM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

Electronically Submitted
1/31/2020 10:52 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CAUSE NO. CL-19-2768-A**

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:   AVECTUS HEALTHCARE SOLUTIONS, LLC D/B/A VALLEY BAPTIST MEDICAL
      CENTER
      REGISTERED AGENT: CT CORPORATION
      1999 BRYAN ST SUITE 900
      DALLAS TX 75201

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 27th day of January, 2020 in this Cause Numbered CL-19-2768-A on the docket of said Court, and styled,

**MATTHEW YANEZ; CASSANDRA RODRIGUEZ; SHIRLEY RIVERA**
**vs.**
**JENNIFER NICOLE ALVARADO; AVECTUS HEALTHCARE SOLUTIONS, LLC D/B/A VALLEY**
**BAPTIST MEDICAL CENTER**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's First Amended Petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    JORGE A. GREEN
    34 S CORIA
    BROWNSVILLE TX  78520

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 30th day of January, 2020.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #1

BY _____ DEPUTY
            OSCAR GONZALEZ

Exhibit 3

Electronically Submitted
2/6/2020 12:36 PM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

Electronically Submitted
1/31/2020 10:52 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following Date, time, and place, to-wit:

NAME _Avectus Healthcare Solutions LLC d/b/a Valley Baptist Medical Center her Corporation System to intake Specialist Kim Hightower_ DATE _2/3/2_ TIME _147 PM_ PLACE _1999 Bryant, Suite 900, Dallas, Tx 75 29_

By: _____    By: _____
CIVIL PROCESS SERVER          DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**

Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____    By: _____
CIVIL PROCESS SERVER          DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Caleb Malone_, my date of birth is _12/03/85_ and my address is

_PO Box 720040, Dallas, Tx 75372_. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _Dallas_ County, state of Texas, on the _3_ day of _February_, 20 _20_.

_____
DECLARANT

_PSC1574 exp 10/31/21_

If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Exhibit 3

Electronically Submitted
6/12/2019 11:55 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CAUSE NO. CL-19-2768-A

| | | |
|---|---|---|
| MATTHEW YANEZ, CASSANDRA RODRIGUEZ AND SHIRLEY RIVERA PLAINTIFFS, | §<br>§<br>§<br>§ | IN THE COUNTY COURT |
| VS. | §<br>§ | AT LAW NO. 1 |
| JENNIFER NICOLE ALVARADO DEFENDANT. | §<br>§ | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JENNIFER NICOLE ALVARADO, Defendant in the above-styled and numbered cause, and files this Original Answer to Plaintiffs' Original Petition and would show the Court the following:

## I.
## GENERAL DENIAL

By way of this original answer, JENNIFER NICOLE ALVARADO, denies each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition, and without waiving any right to file other and further pleadings, motions and discovery, demands that Plaintiffs be held to the most strict requirements of proof and that this Defendant be released without costs and without delay and for such other and further relief, both at law and in equity, to which this Defendant may show to be justly entitled.

## II.
## AFFIRMATIVE DEFENSES

A.   Defendant specifically pleads, invokes, and reserves the following rights as guaranteed by Chapter 33, Texas Civil Practice & Remedies Code to the extent they are ultimately applicable to this case:

Exhibit 4a

Electronically Submitted
6/12/2019 11:55 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

1.    The right to elect the application of credit toward any judgment which may be obtained in this case;

2.    The right to a full reduction on limitation or any sums which may be recovered by the Plaintiffs;

3.    The rights to determination by the trier of fact on the issues of the percentage of responsibility of each Plaintiff, each Defendant, each liable Defendant, each responsible third party, and each settling person or party; and

4.    The right to contribution from any other person or entity found to be liable to the Plaintiffs or to this Defendant.

B.    Defendant asserts that pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code any recovery of medical or health care expenses incurred by Plaintiffs is limited to the amount actually paid or incurred by or on behalf of the Plaintiffs.

C.    Defendant would affirmatively assert that the Plaintiffs failed to mitigate damages.

D.    Defendant would assert that in the event that pre-judgment interest is awarded in favor of any Plaintiff, that such award of interest be limited to what is subject to such interest under Texas law, including but not limited to the limitations contained in Texas Finance Code section 304.1045.

E.    Defendant would assert that to the extent that any Plaintiff seeks recovery for damages governed by Tex. Civ. Prac. & Rem. Code Section 18.091, that such damages be subject to the limitations contained therein and that the applicable instructions contained within sub section (b) of the statute be given to the jury as required by law.

F.    Defendant affirmatively would assert that Plaintiffs are not entitled to recover damages for any condition that did not result from the occurrence in question.

## III.
## NOTICE OF INTENT TO RELY ON DOCUMENTS PRODUCED

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure Plaintiffs are hereby placed on

2

Exhibit 4a

Electronically Submitted
6/12/2019 11:55 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

actual notice of Defendant's intent to rely upon and to utilize any and all documents produced or incorporated by reference by Plaintiffs in response to written discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant JENNIFER NICOLE ALVARADO, prays that Plaintiffs' suit be dismissed, and that the Court grant Defendant such other and further relief to which Defendant may be entitled, either at law or in equity.

Signed on **June 12, 2019**.

Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos Blvd.
Brownsville, Texas 78520
Telephone: (956) 547-7775
Facsimile: (956) 547-7773

By: /s/ Dino Esparza
       Roman "Dino" Esparza
       State Bar No. 00795337
       dino@esparzagarza.com
       Eduardo G Garza
       State Bar No. 00796609
       eddie@esparzagarza.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on **June 12, 2019**, a true and correct copy of the foregoing **Defendant's Original Answer** has been served on attorneys as noted below:

**Via E-File**
Jorge A. Green
The Green Law Firm, P.C.
34 S. Coria Street
Brownsville, Texas 78520

/s/ Dino Esparza
Roman "Dino" Esparza

3

Exhibit 4a

CAUSE NO. CL-19-2768-A

| | | |
|---|---|---|
| **CASSANDRA RODRIGUEZ** | § | **IN THE COUNTY COURT** |
| **and SHIRLEY RIVERA,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **AT LAW NO. 1** |
| | § | |
| **AVECTUS HEALTHCARE** | § | |
| **SOLUTIONS, LLC,** | § | |
| *Defendant.* | § | **HIDALGO COUNTY, TEXAS** |

### DEFENDANT AVECTUS HEALTHCARE SOLUTIONS, LLC'S MOTION TO TRANSFER VENUE AND VERIFIED ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT AVECTUS HEALTHCARE SOLUTIONS, LLC, (incorrectly sued as "Avectus Healthcare Solutions, LLC D/B/A/[sic] Valley Baptist Medical Center") and files its Motion to Transfer Venue and, Subject Thereto, its Verified Answer in response to Plaintiffs' First Amended Petition, and would respectfully show the Court as follows:

### I. Motion to Transfer Venue

COMES NOW DEFENDANT AVECTUS HEALTHCARE SOLUTIONS, LLC ("Avectus"), and files this Motion to Transfer Venue on the basis that the Plaintiffs allege that the event giving rise to the claim occurred in Cameron County. This fact as pled precludes Plaintiffs from asserting venue is proper in Hidalgo County based and mandate transfer of this matter to Cameron County. In support thereof, Avectus would show the Court the following:

### A.    Factual Background

Plaintiffs CASSANDRA RODRIGUEZ and SHIRLEY RIVERA ("Plaintiffs") filed suit against Avectus alleging that Avectus filed a hospital lien with the Cameron County clerk. Plaintiffs' First Amended Petition, ¶ 10, attached as Exhibit A. Plaintiffs admits that venue was proper in Cameron County: "Venue is proper in Cameron County, Texas under Chapter 15 of the

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

Texas Civil Practice & Remedies Code because all or a substantial portion of the acts and/or omissions giving rise to Plaintiffs' cause of action occurred in Cameron County, Texas.. Tex. Civ. Prac. & Rem. Code §15.002(a)(4)." *Id.,* ¶ 5.

Avectus specifically denies that Hidalgo County is a proper venue for this matter based on Plaintiffs' own pleadings. *Id.* Civil Practice and Remedies Code ("CPRC") §15.002 states that all lawsuits *shall* be brought in either (1) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) the county where an individual defendant resided; or, (3) the county in which a corporate defendant's principal place of business in Texas was located. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1)-(3) (emphasis added). No legal or factual basis exists for Plaintiffs' assertion of venue based on this provision, due to Plaintiffs' own asserted venue facts alleging that all or a substantial portion of the acts or omissions giving rise to his claims occurred in Cameron County, Texas. *See* Exhibit A , ¶¶ 5 and 10. These assertions constitute judicial admissions to be construed against Plaintiffs.

Avectus specifically denies that all, or a substantial part, of the events or omissions giving rise to this cause of action occurred in Hidalgo County, Texas, including because Plaintiffs has not alleged this is case, and has instead alleged they occurred in Cameron County, Texas. *See* Exhibit A, ¶¶ 5 and 10.

Avectus further specifically denies that there are any individual defendants in this case named in Plaintiffs' First Amended Petition. *See* Exhibit A.

Avectus also specifically denies that its principal office in the state of Texas was in Hidalgo County at the time any cause of action of Plaintiffs accrued.

For the reasons above, Avectus specifically denies that Hidalgo County, Texas, is a proper venue for the maintenance of this suit and requests that this suit be transferred to Cameron

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

County, Texas.

**B.**    <u>**Venue is Improper in Hidalgo County**</u>

The general rules for venue in Texas applicable in this matter are as follows:

(a)    Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:

    (1)    in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred...

    (3)    in the county of the defendant's principal office in this state, if the defendant is not a natural person...

TEX. CIV. PRAC. & REM. CODE § 15.002.

Application of this statute to the facts of this case as pleaded in Plaintiffs' First Amended Petition reveals that venue is not proper in Hidalgo County, Texas, for the following reasons:

(1)    Venue is not proper in Hidalgo County under CPRC §15.002(a)(1) because Plaintiffs has failed to allege that all or a substantial part of the events or omissions giving rise to his claims occurred in Hidalgo County. *See* Exhibit A, ¶¶ 5 and 10.  Avectus specifically denies that that all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Hidalgo County and instead , according to Plaintiffs' First Amended Petition, occurred in Cameron County. *Id.*

(2)    Venue is not proper in Hidalgo County under CPRC § 15.002 (a)(2) because Plaintiffs' First Amended Petition names no indivudal defendants and asserts not claims against individual defendants. *See* Exhibit A.

(3)    Venue is not proper in Hidalgo County under CPRC § 15.002 (a)(3) because Plaintiff does not assert that Avectus Healthcare Solutions, LLC's  principal office in Texas is in Hidalgo County.  *Id.*  Avectus also specifically denies that its principal office in Texas is located in Hidalgo County.

A mere assertion of proper venue is insufficient as a matter of law under the Rules once it has been specifically denied by another party.  Texas Rule of Civil Procedure 87 requires that "[a] party seeking to maintain venue...has the burden to make proof, as provided in paragraph 3

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

of this rule, that venue is maintainable in the county of suit." TEX. R. CIV. P. 87(2)(a).  That provision requires in turn that

> When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact...Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading.

TEX. R. CIV. P. 87(3)(a); *See In re Stroud Oil Properties, Inc.*, 110 S.W.3d 18 (Tex. App.–Waco 2002, no pet) (stating that Plaintiffs must make prima facie proof of the venue fact(s) denied (which is more than merely asserting the venue facts)); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 677 (Tex. App.–Austin 2003, no pet.).

Plaintiffs has *not* alleged that all, or a substantial part, of the events giving rise to the claims in this suit occurred in Hidalgo County, which Avectus specifically denies is the case.

**D.   General and Specific Denial of Venue Facts**

**1.   General denial of proper venue**

Avectus states that Hidalgo County is not a proper venue and specifically denies that venue is proper in Hidalgo County.

**2.   Specific denial of all of Plaintiffs' venue facts**

Plaintiffs do not plead that venue is proper in Hidalgo County; nonetheless, Avectus specifically denies the following venue facts:

(1)   Avectus specifically denies that its principal office is or has ever been located in Hidalgo County; and

(2)   Avectus specifically denies that any, all, or a substantial part of the events giving rise to Plaintiffs' cause of action occurred in Hidalgo County.

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

**E.**    **Venue is Proper in Cameron County**

Cameron County, Texas, is a proper county in which this suit should be brought, as as pled by Plaintiff.  Exhibit A, ¶¶ 5 and 10.

**F.**    **Request to Transfer**

Avectus requests that venue of this case be transferred to Cameron County, Texas, where venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002.

## II.    VERIFIED PLEAS

1.    Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendant Avectus Healthcare Solutions, LLC pleads by verified denial that it is not liable in the capacity in which Plaintiffs' First Amended Petition asserts claims against it, namely, as "Avectus Healthcare Solutions, LLC D/B/A/[sic] Valley Baptist Medical Center".  Plaintiffs' First Amended Petition, opening paragraph and ¶, p. 1, filed with the Court.

2.    Avectus Healthcare Solutions, LLC denies that "Valley Baptist Medical Center" is a "d/b/a" of Avectus Healthcare Solutions, LLC and denies that it does business as Valley Baptist Medical Center.  It is not thus not liable in that capacity.

## III. GENERAL DENIAL

3.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Avectus Healthcare Solutions, LLC ("Avectus" or "Defendant") generally denies each and every allegation that has been or may be alleged by Plaintiffs and demands strict proof thereof.

## IV.    DEFENSES

4.    Plaintiffs fail to state a claim upon which relief can be granted.

5.    Plaintiffs have not proven and cannot prove the necessary elements of their alleged causes of action through admissible evidence.

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

6.    Avectus' actions were taken in good faith, and Avectus did not knowingly, intentionally, or maliciously violate any laws.

7.    Avectus is not liable to Plaintiffs because Plaintiffs' own acts or omissions proximately caused or contributed to Plaintiffs' injury, if any.

8.    Plaintiffs' claims are barred in whole or in part because any alleged misconduct by this Defendant was the result of bona fide errors despite reasonable procedures to prevent them, and absent any malicious intent.

9.    Plaintiffs' claims are barred in whole or in part under the terms of the agreement(s) between Plaintiffs and the health care provider that provided medical services to them.

10.    Plaintiffs' claims are barred in whole or in part because any injury or damage to Plaintiffs was the result of their own conduct and/or their failure to comply with the terms of any relevant and applicable contracts or agreements.

11.    Plaintiffs consented to any acts or omissions alleged to create or give rise to any liability of Avectus.

12.    Plaintiffs' attorneys' fees are not recoverable, reasonable, or necessary.

13.    Plaintiffs' claim is barred, in whole or in part, as contrary to the public policy of the State of Texas and the United States.

14.    Pleading in the alternative, Plaintiffs' claims are barred in whole or in part because they are based on, relate to, or are in response to Avectus' exercise of the right of free speech and/or the right to petition, and Plaintiffs cannot present clear and specific evidence that Avectus violated each element of Section 12.002 of the Texas Civil Practice and Remedies Code.

15.    Whether Plaintiffs received proper notice of the hospital lien at issue does not

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

affect the lien's validity.

16.    Any use by the hospital of method of classifying patients according to their ability to pay does not affect the validity of the hospital lien at issue.

17.    Pleading in the alternative, Plaintiffs' claims are barred in whole or in part because Avectus' exercise of its statutory and/or common law rights to recover the amounts by Plaintiffs does not equate to intent to cause Plaintiffs a financial injury.

18.    Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, collateral estoppel, laches, and waiver.

19.    Plaintiffs' claim is barred in whole or in part by the doctrine of unclean hands.

20.    Plaintiffs' claims are barred in whole or in part by the doctrines of setoff or offset.

21.    All damages alleged by Plaintiffs are speculative and therefore unrecoverable.

22.    Avectus' actions did not cause damage or loss to Plaintiffs.

23.    If Avectus is found liable of damages, it intends to seek a reduction of damages under the proportionate responsibility statute.

24.    Plaintiffs failed to mitigate their damages, if any.

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Avectus prays that the Court transfer or dismisses Plaintiffs' First Amended Petition, order that Plaintiffs take nothing by their suit, and for such other and further relief to which this Defendant may show itself justly entitled.

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

Respectfully Submitted,

**MARON MARVEL BRADLEY
ANDERSON & TARDY LLC**

By: /s/Roger Nebel
    ROGER H. NEBEL
    Attorney-In-Charge
    State Bar No. 90001973
    Amani Perkins Augustine
    State Bar No. 24115810
    2950 North Loop West, Suite 500
    Houston, Texas 77092
    Telephone: (713) 659-0002
    Facsimile: (713) 574-2403
    Email: HoustonEservice@maronmarvel.com

**ATTORNEYS FOR AVECTUS
HEALTHCARE SOLUTIONS, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via electronic service and/or email pursuant to the Texas Rules of Civil Procedure on February 28, 2020.

/s/ Roger Nebel

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

THIS DOCUMENT CONTAINS SENSITIVE DATA

STATE OF TEXAS                                            §
                                                         §
COUNTY OF HARRIS                                          §

## UNSWORN DECLARATION OF ROGER NEBEL.

"My name is Roger Nebel, my date of birth is July 8, 1967, and my address is 1131 Adele St., Houston, Texas, 77009, and United States of America.

I declare under penalty of perjury that the facts set forth in "Verified Pleas" section of the foregoing Verified Answer are true and correct."

Executed in Harris County, State of Texas, on the 28th day of February, 2020.

_____
Declarant

Exhibit 4b

Electronically Se ved
2/28/2020 11:36 AM

CAUSE NO. CL-19-2768-A

| | | |
|---|---|---|
| **CASSANDRA RODRIGUEZ** | § | **IN THE COUNTY COURT** |
| **and SHIRLEY RIVERA,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **AT LAW NO. 1** |
| | § | |
| **AVECTUS HEALTHCARE** | § | |
| **SOLUTIONS, LLC,** | § | |
| *Defendant*. | § | **HIDALGO COUNTY, TEXAS** |

## ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE

After considering Defendant's Motion to Transfer Venue, the response, the pleadings, the evidence, and any arguments of counsel, the Court hereby ORDERS that Defendant's Motion to Transfer Venue is

GRANTED and further ORDERS that this case shall be

TRANSFERRED to Cameron County, Texas.

SIGNED on _____, 20___.

_____
PRESIDING JUDGE

Exhibit 4b

**Electronically Se ved**
**2/28/2020 11:36 AM**

APPROVED AS TO FORM BY:

**MARON MARVEL BRADLEY**
**ANDERSON & TARDY LLC**

By: */s/Roger Nebel*_____
    Roger Nebel
    Texas State Bar No. 90001973
    2950 N. Loop West, Suite 500
    Houston, TX 77092
    Telephone: (713) 569-0002
    Facsimile: (713) 574-2403
    HoustonEservice@maronmarvel.com

    **ATTORNEYS FOR DEFENDANTS**
    **PCD MANAGEMENT, LLC,**
    **PLANNED COMMUNITY**
    **DEVELOPERS I, LLC, PLANNED**
    **COMMUNITY DEVELOPERS, LTD,**
    **PLANNED COMMUNITY**
    **DEVELOPERS IV GP, LLC,**
    **PLANNED COMMUNITY**
    **DEVELOPERS IV, LTD, LAKE**
    **POINTE TOWN CENTER, LTD,**
    **PCD LAKE POINTE, LTD, AND**
    **PCD PROJECTS, LLC**

Exhibit 4b

CAUSE NO. CL-19-2768-A

| | | |
|---|---|---|
| CASSANDRA RODRIGUEZ and | § | IN THE COUNTY COURT |
| SHIRLEY RODRIGUEZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| | § | |
| V. | § | |
| | § | AT LAW NO. 1 |
| | § | |
| AVECTUS HEALTHCARE | § | |
| SOLUTIONS, LLC, | § | |
|     Defendant. | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT AVECTUS HEALTCARE SOLUTIONS, LLC'S JURY DEMAND

Avectus Healthcare Solutions, LLC demands a trial by jury. A payment in the amount of

forty dollars ($40.00) is hereby tendered to the Clerk on the date of filing of this instrument as

cost for the jury fee, if not previously paid by another party.

Respectfully submitted,

**MARON MARVEL BRADLEY
ANDERSON & TARDY LLC**


By. /s/ Roger Nebel
    ROGER H. NEBEL
    Attorney-In-Charge
    State Bar No. 90001973
    Amani Perkins Augustine
    State Bar No. 24115810
    2950 North Loop West Suite 500
    Houston, Texas 77092
    Telephone: (713) 659-0002
    Facsimile: (713) 574-2403

**ATTORNEYS FOR DEFENDANT
AVECTUS HEALTHCARE
SOLUTIONS LLC**

Exhibit 5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure orders on March 2, 2020.

/s/ Roger Nebel
Roger Nebel

COUNTY COURT AT LAW #1
# CASE SUMMARY
CASE NO. CL-19-2768-A

| | | |
|---|---|---|
| Matthew Yanez, Cassandra Rodriguez, Shirley Rivera<br>VS.<br>Jennifer Nicole Alvarado, Avectus Healthcare Solutions,<br>LLC D/B/A Valley Baptist Medical Center | §<br>§<br>§<br>§ | Location:  **County Court at Law #1**<br>Judicial Officer:  **Gonzalez, Rodolfo "Rudy"**<br>Filed on:  **05/21/2019** |

## CASE INFORMATION

Case Type:  **Injury or Damage - Motor Vehicle (OCA)**

## DATE — CASE ASSIGNMENT

**Current Case Assignment**
Case Number            CL-19-2768-A
Court                  County Court at Law #1
Date Assigned          05/21/2019
Judicial Officer       Gonzalez, Rodolfo "Rudy"

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Rivera, Shirley** | **GREEN, JORGE A.**<br>*Retained*<br>956-542-7000(W) |
| | **Rodriguez, Cassandra** | **GREEN, JORGE A.**<br>*Retained*<br>956-542-7000(W) |
| | **Yanez, Matthew** | **GREEN, JORGE A.**<br>*Retained*<br>956-542-7000(W) |
| **Defendant** | **Alvarado, Jennifer Nicole** | **Esparza, Roman "Dino"**<br>*Retained*<br>956-547-7775(W) |

**Avectus Healthcare Solutions, LLC D/B/A Valley Baptist Medical Center**

## DATE — EVENTS & ORDERS OF THE COURT — INDEX

| Date | Event | |
|---|---|---|
| 02/28/2020 | Order Filed<br>*Proposed Order* | |
| 02/28/2020 | Answer<br>*Defendant Avectus Healthcare Solutions, LLC's Motion to Transfer Venue and, Subject Thereto, its Verified Answer to Plaintiffs' First Amended Petition* | |
| 02/06/2020 | Service Returned - Served<br>*Avectus Healthcare Solutions LLC POS* | |
| 01/31/2020 | Citation Issued | |
| 01/27/2020 | Amended<br>*Plaintiffs' First Amended Petition* | |
| 10/16/2019 | Other | |

MAR 02 2020

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office

Date _____ By _____ Deputy Clerk

*Printed on 03/02/2020 at 1:22 PM*

Exhibit 6

## COUNTY COURT AT LAW #1
# CASE SUMMARY
### CASE NO. CL-19-2768-A

*NON RETURN-CASSANDRA RODRIGUEZ*

| | | |
|---|---|---|
| 10/16/2019 | Certification *NON RETURN-SHIRLEY RIVERA* | |
| 10/16/2019 | Other *NON RETURN-MATTHEW YANEZ* | |
| 07/18/2019 | Other *Discovery Rule 11* | |
| 06/17/2019 | Service Returned - Served *Executed Citation Jennifer Nicole Alvarado* | |
| 06/12/2019 | Answer *Defendant's Original Answer* | |
| 05/24/2019 | Citation Issued | |
| 05/21/2019 | Original Petition (OCA) *POP.DSC.REQ* | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Defendant** Alvarado, Jennifer Nicole
| | |
|---|---|
| Total Charges | 2.00 |
| Total Payments and Credits | 2.00 |
| **Balance Due as of 3/2/2020** | **0.00** |

**Plaintiff** Rivera, Shirley
| | |
|---|---|
| Total Charges | 4.00 |
| Total Payments and Credits | 4.00 |
| **Balance Due as of 3/2/2020** | **0.00** |

**Plaintiff** Yanez, Matthew
| | |
|---|---|
| Total Charges | 288.00 |
| Total Payments and Credits | 288.00 |
| **Balance Due as of 3/2/2020** | **0.00** |

MAR 0 2 2020

Date _____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By _____
Deputy Clerk

Printed on 03/02/2020 at 1:22 PM

Exhibit 6

CASSANDRA RODRIGUEZ and §
SHIRLEY RIVERA, §
§
Plaintiffs, §
§
§
vs. § CIVIL ACTION NO.  4:20-cv-783
§
AVECTUS HEALTHCARE §
SOLUTIONS, LLC, §
§
Defendant. §

## LIST OF ALL COUNSEL OF RECORD

**Attorney for Plaintiffs, Cassandra Rodriguez and Shirley Rivera**

Jorge A. Green
State Bar No. 24038023
The Green Law Firm, P.C.
S. Coria St.
Brownsville, Texas, 78520
Telephone: (956) 542-7000
Facsimile: (956) 542-7026
Jorge@thegreenlawfirm.com
Attorney for Plaintiffs
Cassandra Rodriguez and Shirley Rivera

**Attorney for Avectus Healthcare Solutions, LLC**

Roger H. Nebel
State Bar No. 90001973
Maron Marvel Bradley Anderson & Tardy, LLC
1235 North Loop West, Suite 1106
Houston, Texas 77008
Telephone: (713) 402-1710
Facsimile: (713) 574-2403
Email: HoustonEservice@maronmarvel.com
Attorney for Defendant
Avectus Healthcare Solutions, LLC

- 18 -

Exhibit 7